The City of Bayonne filed its verified bill of complaint to enforce the collection of personal property taxes assessed *Page 166 
against the defendant for the year 1945. I advised an order to show cause why the prayers of the bill of complaint should not be granted.
Defendant filed an answering affidavit made by its president and complainant procured an order for cross-examination of the said affiant under rule 215. After the examination was had the order to show cause was argued before me.
Complainant takes the position that it is a creditor by virtue of its tax claim and that it has a right to file a creditor's bill for the appointment of a receiver and is entitled to an injunction against the disposition of the assets of the defendant, c.
Among the contentions advanced by the city are that the defendant corporation is insolvent and that it has suspended operations. On the record, as it now stands before me, complainant has not satisfactorily established the insolvency of the defendant nor has it proved that the defendant has suspended operations "for want of funds to carry on the same."
I have reached the conclusion that the order to show cause should be dissolved because the complainant has no standing to maintain the present bill.
Under our law, taxes or assessments do not become liens except by virtue of express legislation. Taxes are collectible only in the manner provided by statute. Cranbury Township v.Chamberlain Barclay, 6 N.J. Mis. R. 39. Personal property taxes and assessments do not become a lien until proceedings are taken by levy under a distress warrant. R.S. 54:4-78; R.C.Stanhope, Inc., v. North Bergen Township, 129 N.J. Law 513.
It is well settled that a tax is neither a debt nor is it a contractual obligation. Therefore, the complainant is not a creditor of the defendant.
The city, however, places great importance to the statement found in Murphy v. Jos. Hollander, Inc., 131 N.J. Law 165 (atp. 170). It says that under the opinion in that case a creditor's bill in equity may be maintained by the taxing authority. A careful examination of the opinion discloses that the correct principle to be taken from the language of Mr. Justice Heher, is that a creditor's bill will lie "for the *Page 167 
discovery of property placed beyond the reach of legal process, in aid of the collection of the tax."
The most recent, if not the only reported instance in this state where equity has permitted a municipality to maintain such a bill, is Newark v. Jos. Hollander, Inc., 136 N.J. Eq. 539.
The facts in that case, however, are readily distinguishable from those in the pending case. In that case the corporation made it impossible for the city to distrain for the reason that it disposed of its property to a bona fide purchaser for value and then dissolved. The court held that the corporation was estopped from insisting that the city was without a remedy other than that provided by the Tax Act. The court held that the dissolution of the corporation created a statutory trust under the General Corporation Act which imposed upon the directors an obligation to pay the taxes before making distribution to the stockholders.
In the case now pending the defendant has not been dissolved nor does it appear that it intends to effect a dissolution. No case for equitable intervention exists.